# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO NAVY BROADWAY COMPLEX COALITION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY, et. al.,<br><br>Defendants. | CASE NO: 07-CV-909 W (POR)<br><br>**ORDER GRANTING IN-PART AND CONTINUING IN-PART DEFENDANTS' SUMMARY-JUDGMENT MOTION [DOC. 6]** |

This lawsuit arises out of Plaintiff's request for an unredacted copy of a ground lease entered into between Defendant United States Department of the Navy ("Navy") and Manchester Pacific Gateway, LLC ("Manchester"). The Navy refused to provide an unredacted version, instead making available a redacted copy of the lease. Plaintiff argues that the Navy's refusal violates the Freedom of Information Act ("FOIA") and the Administrative Procedure Act ("APA").

The Navy has filed a summary-judgment motion arguing that its redactions are appropriate under Exemption 4 of FOIA. Additionally, the Navy contends that the Plaintiff improperly named Donald C. Winter as a defendant, and that the APA claim is barred because FOIA provides Plaintiff an adequate remedy. Plaintiff argues that the motion should be denied or continued so that it may conduct discovery.

1      The Court decides the matter on the papers submitted and without oral
2 argument under Civil Local Rule 7.1(d.1).  For the reasons addressed below, the Court
3 **GRANTS** the Navy's motion [Doc. No. 6] with respect to the Plaintiff's APA claim
4 and Donald C. Winter, **CONTINUES** the motion with respect to the FOIA claim,
5 and **DENIES** Plaintiff's request for leave to conduct discovery.

## I.   BACKGROUND

8      The following factual summary is undisputed.
9      On October 4, 2005, the Navy solicited proposals for the development of a
10 portion of what is known as the Broadway Complex in San Diego.  Manchester was one
11 of the proposers who submitted proprietary and confidential financial and commercial
12 information to the Navy.  On November 22, 2006, the Navy awarded the solicitation to
13 Manchester, and the parties entered into a Real Estate Ground Lease for Broadway
14 Complex, Lease No. N6247307RP07P24 (the "Lease").
15      On January 10, 2007, Plaintiff submitted a FOIA request to the Navy for a
16 complete and unredacted copy of the Lease.  The Navy denied the request.  After an
17 unsuccessful administrative appeal, Plaintiff filed this lawsuit against the Navy and
18 Donald C. Winter, in his official capacity as Secretary of the Navy.  The Complaint
19 asserts claims for violation of FOIA and the APA.
20      The Navy responded to the Complaint by filing a summary-judgment motion,
21 which raises three issues.  First, the Navy argues that the redactions are appropriate
22 under Exemption 4 of FOIA.  Next, the Navy argues that defendant Winter should be
23 dismissed because FOIA does not authorize a lawsuit against an individual.  Finally, the
24 Navy contends that the APA claim is precluded because FOIA provides Plaintiff an
25 adequate remedy, and because the redactions were made in good faith.
26 //
27 //
28

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. Id. at 322–23. If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159–60 (1970).

## III. ANALYSIS

### A. The Navy has not satisfied its burden of establishing that all of the redactions are covered by Exemption 4.

FOIA was enacted "to promote honest and open government" and "to ensure public access to information created by the government. . . ." Wood v. FBI, 432 F.3d 78, 82 (2nd Cir. 2005) (citations omitted). Because FOIA favors a policy of disclosure, the statutory exemptions are construed narrowly, resolving all doubts in favor of disclosure. Lion Raisins v. U.S. Dept. Of Agriculture, 354 F.3d 1072, 1079 (9th Cir. 2004).

Exemption 4 of FOIA excepts the disclosure of commercial or financial information that is "privileged or confidential." Frazee v. U.S. Forest Service, 97 F.3d 367, 370 (9th Cir. 1996); 5 U.S.C. § 552(b)(4). In Frazee, the Ninth Circuit adopted the test established in National Parks and Conservation Ass'n v. Morton, 498 F.2d 765, 770 (D.C. Cir. 1974), for determining whether commercial or financial information is "confidential." The test provides that information is "confidential" if disclosure "is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." Id. (quoting National Parks, 498 F.2d at 770).

"Where the Government withholds documents pursuant to one of the enumerated exemptions of FOIA, 'the burden is on the agency to sustain its action.'" Lion Raisins, 354 F.3d at 1079. The government may rely on affidavits to establish that an exemption applies. Lewis v. Internal Revenue Service, 823 F.2d 375, 378 (9th Cir. 1987). The affidavits, however, must demonstrate that the affiants are knowledgeable about the information sought and must include sufficient detail about the documents to allow the court to make an independent assessment of the government's claim. Lion Raisins, 354 F.3d at 1072 (Relying on affidavit that included "detailed and specific descriptions of each category of information included" on the document.).

For purposes of the Court's analysis, the Navy's redactions are divided into three categories: (1) time periods; (2) financial figures; and (3) redactions of entire sections and exhibits attached to the Lease. While the Navy has sustained its burden with respect to the redacted time periods, the affidavits are insufficient with respect to the two remaining categories.

//
//

**1.    Time periods.**

The Navy redacted time periods from sections 5.3 and 8.1 of the Lease. These time periods relate to deadlines that trigger special obligations and liquidated damages. The Navy's declarations demonstrate that disclosing the information would cause substantial competitive harm to Manchester because its competitors and potential sub-contractors could use the information in negotiations related to the project. (Gibbon's Decl., ¶10.) Accordingly, the Court finds that the redacted time frames constitute confidential information that is covered by Exemption 4.

### 2. Financial figures.

The Navy has redacted financial figures from various sections of the Lease. Most of these redactions are covered by Exemption 4. Specifically, the financial figures redacted from sections 5.2.4, 5.3, 5.4, 5.6.1, and 5.6.2 represent, among other things, Manchester's breakdown for the Project's funding, including costs for environmental cleanup and demolition, distribution of cost savings and overruns, and liquidated damages.

The Navy also redacted Manchester's Development Fee from section 5.2.5 and Property Management fee from section 5.5. Information on prices awarded in government contracts, however, is generally considered to be public, and there is a strong public interest in disclosing such information:

> [d]isclosure of prices charged the Government is a cost of doing business with the Government. It is unlikely that companies will stop competing for Government contracts if the prices contracted for are disclosed. . . . Adequate information enables the public to evaluate the wisdom and efficiency of federal programs and expenditures.

AT&T Information Systems, Inc. v. General Services Admin., 627 F.Supp. 1396 (D.D.C. 1986) (quoting Racal-Milgo Government Systems, Inc. v. Small Business Administration, 559 F.Supp. 4, 6 (D.D.C. 1981). To the extent the Development Fee and Property Management fee are simply prices charged to the government for specific services, they are not covered by Exemption 4.

### 3. Wholesale redactions.

The Navy redacted entire sections of the Lease, as well as certain exhibits. With the exception of the redacted GAF Development Budget (Exhibit I), the record is insufficient to allow the Court to independently determine whether Exemption 4 applies to the other wholesale redactions.

The Navy's supporting declarations provide virtually no description regarding the sections and Exhibits redacted. For example, the Navy redacted the entire Form of Design/Build Contract (Exhibit C-3), and failed to provide any detail regarding the content of the document. Where the government's motion is dependent on supporting affidavits, the affidavits must demonstrate that the affiants are knowledgeable about the information sought ***and*** must include sufficient detail about the documents to allow the court to make an independent assessment of the government's claim. Lion Raisins, 354 F.3d at 1072. Contrary to Plaintiff's suggestion, the affiants are clearly knowledgeable about the information sought. However, the Navy has not provided sufficient detail about the documents. Accordingly, the Navy's has not satisfied its burden of establishing that Exemption 4 applies.

### B. FOIA authorizes litigation against an "agency."

FOIA provides that "the district court of the United States in the district in which the complainant resides. . . has jurisdiction to enjoin the *agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Subsection 552(f) defines "agency" to include "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch. . . or any independent regulatory agency." This language clearly limits FOIA actions to the federal agency, not its individual officers or employees. Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993); see also Hewitt v. Grabicki, 794 F.2d 1373, 1376 n.2 (9th

Cir. 1986) (noting that the "weight of authority is that the [Privacy} act's authorization of suit only against an agency thereby excludes individual officers and government employees."). Because FOIA limits jurisdiction to the agency, and not its officers, summary-judgment is appropriate as to Defendant Winter.

### C. Plaintiff's APA claim is precluded because FOIA provides an adequate remedy.

The Navy argues that the Court lacks subject-matter jurisdiction over Plaintiff's claim for violation of the Administrative Procedure Act (the "APA"), 5 U.S.C.§ 706, because FOIA provides Plaintiff an adequate remedy.

The APA waives sovereign immunity where (1) plaintiff's claims are not for money damages, (2) an adequate remedy is not available elsewhere, and (3) the claims do not seek relief that is expressly or impliedly forbidden by another statute. Tucson Airport Auth. v General Dynamics Corp., 136 F.3d 641, 645 (9th 1988). Here, Plaintiff is seeking to obtain an unredacted copy of the Lease. FOIA clearly provides Plaintiff an adequate remedy. Accordingly, summary judgment is appropriate as to Plaintiff's APA claim.

### D. Plaintiff's Rule 56(f) request.

Plaintiff's opposition consists entirely of a request to continue the hearing date under Federal Rule of Civil Procedure 56(f) in order to conduct discovery.

In order to justify a continuance, the moving party must demonstrate (1) why additional discovery is needed and (2) how the discovery will likely create a genuine issue of material fact. Stearns Airport Equip. Co., Inc. v. FMC Corp., 170 F.3d 518, 535 (1999 5th Cir.). "The cases constructing Rule 56(f) suggest that the denial of a Rule 56 (f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information,

1  (d) where there is some basis for believing that the information sought actually exists."
2  <u>Visa Intern. Service Ass'n v. Bankcard Holders of America</u> 784 F.2d 1472, 1475 (1986).
3       Plaintiff has failed to specifically identify relevant information.  Additionally, as
4  Plaintiff itself recognizes, "discovery is generally unavailable in FOIA cases."  <u>Wheeler
5  v. Central Intelligence Agency</u>, 271 F.Supp.2d 132, 139 (D.D.C. 2003).  Plaintiff's
6  request is, therefore, denied.

8  **IV.**    **CONCLUSION AND ORDER**
9       For the reasons discussed above, the Court **GRANTS** the Navy's summary-
10  judgment motion [Doc. No.6] with respect to Plaintiff's APA claim and defendant
11  Donald C. Winters, and **DENIES** Plaintiff's request to conduct discovery.  With
12  respect to whether the Navy's redactions are covered by Exemption 4 of FOIA, the
13  Court **CONTINUES** the hearing and **ORDERS** as follows:
14       •     On or before February 8, 2008, the Navy shall file for <u>in camera</u> review
15       declarations describing the sections and exhibits that have been entirely
16       redacted, and explaining how the redacted sections and exhibits constitute
17       confidential information.
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27       •     Additionally, on or before February 8, 2008, the parties may file and serve
28       a supplemental brief addressing whether the financial figures redacted

from sections 5.2.5 (the Development Fee) and 5.5 (the Property Management fee) are covered by Exemption 4. The briefs shall not exceed 5 pages.

**IT IS SO ORDERED.**

DATED: January 8, 2008

_____
Hon. Thomas J. Whelan
United States District Judge